Per Curiam.

After transfer, on consent and pursuant to order, of this action from the City Court to the Municipal Court, defendants moved to dismiss for alleged lack of monetary jurisdiction. That motion was properly denied. "Where jurisdiction is limited, as in the City Court and Municipal Court of the City of New York, to actions wherein plaintiffs demand judgment for amounts not in excess of a specified sum, the test is not the amount of damages claimed in the pleading of the cause or causes of action but the amount for which judgment is finally demanded in the prayer of the complaint or summons, as the case may be. A party may waive the amount of his claim in excess of the monetary jurisdiction of a court in order to bring his action there.
Insofar as the present motion may be viewed as constituting an attack upon Special Bule III of the Buies of the City Court applicable to the New York and Bronx County divisions, promulgated February 19, 1952, by the Appellate Division, First Department, we deem it advisable to point out the following. That rule provided for transfer of actions from the City to the Municipal Court upon the written consent of the parties to such transfer and to the reduction of the amount demanded to a sum within the jurisdiction of the Municipal Court. The jurisdiction of the City Court had just then, effective January 1, 1952, been increased from $3,000 to $6,000, and that of the *366 Municipal Court at the same time from $2,000 to $3,000. While section 110-b of the Civil Practice Act, added in 1949, provided for removal on consent to lower courts it applied, according to its terms, only to actions pending in the Supreme Court in the counties within the city of New York. The Appellate Division of this department promulgated the special rule pursuant to the authority expressly provided in section 83 of the Judiciary Law to adopt any special rule not inconsistent with any statute or rule of civil practice. The special rule simply extended to actions pending in the City Court the provisions of section 110-b.
It should be noted that, by virtue of recent amendments to section 110-b, its effectiveness has been considerably increased by the Legislature. The 1954 amendment permitted the removal to lower courts on consent of actions from the Supreme Court throughout the State and also from the county courts outside the city of New York. The 1955 amendment (L. 1955, ch. 717, eff. Sept. 1, 1955) extended the provisions of section 110-b specifically to permit transfer of actions pending in the City Court of the City of New York to the Municipal Court. No possible argument, such as here attempted, can, subsequent to the last amendment, be made to dismiss for lack of monetary jurisdiction in the Municipal Court after removal from the City Court, and this holding would be applicable to an action originally commenced to recover an amount in excess of $3,000- and reduced on consent to $3,000 or a lesser sum.
Here we hold that at no time did plaintiff demand in excess of $3,000 and, therefore, the motion to dismiss was utterly groundless.
The order should be affirmed, with $10 costs.
Edeb, Schbeibeb and Hecht, JJ., concur..
Order affirmed, etc.